**Tarek Youssef Hassan SALEH, Plaintiff–Appellant,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States, et al., Defendants–Appellees.**

**No. 11–1504–cv.**

United States Court of Appeals, Second Circuit.

May 22, 2012.

Tarek Youssef Hassan Saleh, pro se, Brooklyn, NY, for plaintiff-appellant.

Edward Scarvalone (David Rivera, on the brief), Doar Rieck Kaley & Mack, New York, NY, for Defendant–Appellee Mahmoud Elrammal.

Natasha Oeltjen, Assistant United States Attorney (David S. Jones, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York.

PRESENT: JON O. NEWMAN, CHESTER J. STRAUB, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Appellant Tarek Youssef Hassan Saleh, proceeding pro se, appeals the district court's judgment dismissing his amended complaint with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), accepting as true the factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. See *Macias v. Zenk,* 495 F.3d 37, 40 (2d Cir.2007); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006).

The district court correctly determined that it lacked subject matter jurisdiction over Saleh's FTCA claims because he had not exhausted his administrative remedies prior to filing his initial district court complaint. See 28 U.S.C. § 2675; *McNeil v. United States,* 508 U.S. 106, 111–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). However, as the Government acknowledges, in such a situation the proper course of action is for the district court to dismiss the claims without prejudice to allow the litigant to institute a separate new action once exhaustion has been completed. See *Neal v. Goord,* 267 F.3d 116, 123 (2d Cir. 2001), abrogated on other grounds by *Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Snider v. Melindez,* 199 F.3d 108, 111–12 (2d Cir. 1999); see also *Macias,* 495 F.3d at 39–40 (affirming dismissal without prejudice of unexhausted FTCA claims). Thus, the district court erred in denying Saleh's FTCA claims with prejudice.

Having conducted an independent review of the record, we affirm the remainder of the district court's judgment dismissing Saleh's amended complaint for substantially the same reasons stated in the magistrate judge's report and recommendation and in the district court's order. We have considered all of Saleh's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED in part and VACATED in part, and the case is REMANDED for the district court to enter judgment dismissing Saleh's claims under the FTCA without prejudice.